IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY M. SANTO,<br><br>        Plaintiff,<br>    vs.<br><br>EFCO FORMS, et al,<br><br>        Defendants.<br>_____/ | CASE NO. CV-F-04-6401LJO<br><br>**ORDER ON PARTIES' MOTIONS IN LIMINE**<br>(Docs. 19 and 20.) |

## INTRODUCTION

In this employment discrimination and related action, the parties seek to exclude certain evidence. This Court conducted a September 20, 2005 hearing on the motions in limine. Plaintiff Larry M. Santo ("Mr. Santo") appeared by counsel K. Poncho Baker, Sagaser, Jones & Hahesy. Defendant EFCO Corp. ("EFCO") appeared by counsel Sean T. O'Rourke, Borton, Petrini & Conron, LLP. After consideration of the parties' papers and oral argument, this Court rules on the parties' motions in limine as discussed below.

## BACKGROUND

EFCO employed Mr. Santo as a warehouse supervisor during September 1999 to March 11, 2002. Mr. Santo claims he suffered a September 24, 2001 on-the-job injury and pursued workers' compensation and disability relief. On October 9, 2001, treating chiropractor John D. Dawson ("Mr. Dawson") took Mr. Santo off work due to cervical and thoracic disc degeneration. EFCO claims that in November or December 2001, it inquired of Mr. Santo of his return to work. EFCO attributes Mr. Santo as advising EFCO that Mr. Santo felt comfortable only with his feet on a recliner. EFCO responded that it would purchase a recliner to facilitate Mr. Santo's return to work.

1   On January 31, 2002, EFCO received Mr. Dawson's release of Mr. Santo to work effective February 11, 2002 with limitations of lifting no more than 10 pounds, avoidance of excessive bending, stooping or rotating, and neither climbing nor stationary position for extended periods and with a recommendation to provide an ergonomic chair to support Mr. Santo's spine.  Near this time, EFCO and its workers' compensation carrier denied Mr. Santo's claim based on a medical report that the September 24, 2001 industrial injury did not occur.

Mr. Santo claims that he attempted to return to work at EFCO on February 11, 2002.  Mr. Santo attributes Mr. Castillo as advising him that limited/modified duty was unavailable and that EFCO was unable to accommodate Mr. Santo's restrictions or to provide an accommodation.  Mr. Santo further claims that EFCO denied him an accommodation and terminated his employment on March 11, 2002 under the pretext that he sexually harassed a co-worker.  EFCO contends that although Mr. Santo was off work, he was not disabled and participated in activities, including softball, bowling and robbery for which he was arrested.

Mr. Santo pursues causes of action for: (1) disability discrimination in violation of California Government Code section 12940(k), (n) for failure to prevent discrimination and to attempt to negotiate effective reasonable accommodations; (2) disability discrimination and unlawful employment practice in violation of California Government section 12940(a); (3) defamation; and (4) breach of contract.

**MR. SANTO'S MOTION IN LIMINE NO. 1 TO EXCLUDE**

**SETTLEMENT OFFERS AND DISCUSSIONS**

Mr. Santo seeks to exclude evidence of or comment on the parties' settlement offers and discussions.  EFCO stipulates to exclude such evidence.  As such, this Court GRANTS Mr. Santo's motion in limine to exclude evidence of settlement offers and discussions.

**MR. SANTO'S MOTION IN LIMINE NO. 2 TO EXCLUDE**

**EVIDENCE OF MR. SANTO'S WORKERS' COMPENSATION CLAIM**

**AND RECEIPT OF SOCIAL SECURITY BENEFITS**

The parties dispute whether Mr. Santo suffered an on-the-job injury during his employment with EFCO.  After an April 2004 trial, the Workers' Compensation Appeals Board ("WCAB") denied Mr. Santo's workers' compensation claim and concluded the Mr. Santo suffered no injury arising during or

from his employment with EFCO. The WCAB ruling is on appeal. Mr. Santo has received Social Security disability insurance benefits ("SSDI") under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. At the hearing, this Court distilled and cleared up the issues than they were presented in the parties' papers. At the hearing, Mr. Santo's counsel clarified that he seeks to exclude evidence that WCAB denied Mr. Santo's workers' compensation claim and conceded that evidence that Mr. Santo filed a workers' compensation claim will be admitted. As such, the parties stipulated to inform the jury of their stipulated fact that there has been no final decision at the workers' compensation level and to admonish the jury not to concern itself with any aspect of Mr. Santo's workers' compensation claim. As such, this Court will provide the jury such stipulated fact and admonition.

As to Mr. Santo's receipt of SSDI, Mr. Santo contends that Social Security Act disability evaluation does not address whether a person is able to perform job functions with reasonable accommodation, unlike the Americans with Disabilities Act ("ADA"), 42 U.S. C. §§ 1210, et seq., and California Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code §§ 12900, et seq. As noted by Mr. Santo, the United States Supreme Court distinguishes the Social Security Act and ADA:

> The Social Security Act and the ADA both help individuals with disabilities, but in different ways. The Social Security Act provides monetary benefits to every insured individual who "is under a disability." 42 U.S.C. § 423(a)(1). The Act defines "disability" as an
>
> "inability to engage in any substantial gainful activity by reason of any . . . physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." §423(d)(1)(A).
>
> . . . The ADA prohibits covered employers from discriminating "against a qualified individual with a disability because of the disability of such individual." §12112(a). The ADA defines a "qualified individual with a disability" as a disabled person "who . . . can perform the essential functions" of her job, including those who can do so only "with . . . reasonable accommodation." §12111(8).

*Cleveland v. Policy Mgmt. Systems Corp.*, 526 U.S. 795, 801, 119 S.Ct. 1597 (1999).

The United States Supreme Court further explained: "By way of contrast, when the [Social Security Administration] determines whether an individual is disabled for SSDI purposes, it does *not* take the possibility of "reasonable accommodation" into account, nor need an applicant refer to the possibility of reasonable accommodation when she applies for SSDI." *Cleveland*, 526 U.S. at 803, 119 S.Ct. 1597. The Ninth Circuit Court of Appeals has explained: "We pointed out that '[i]t is possible,

3

1  due to the different definitions of disability employed by various agencies, to qualify for disability
2  benefits and to satisfy the ADA's definition of a qualified person with a disability.'" *Fredenburg v.*
3  *Contra Costa County Dept. of Health*, 172 F.3d 1176, 1179 (9th Cir. 1999) (quoting *Johnson v. Oregon*,
4  141 F.3d 1361, 1366 (9th Cir. 1998)).

5      In its papers, EFCO did not address Mr. Santo's SSDI benefits to apparently concede their
6  inadmissibility.  At the hearing, EFCO's counsel vaguely inferred that Mr. Dawson's treatment of Mr.
7  Santo may address SSDI.  EFCO neither meaningfully addressed nor established the relevance of Mr.
8  Santo's SSDI.  As such, this Court GRANTS Mr. Santo's motion in limine to exclude evidence of Mr.
9  Santo's receipt of SSDI or other disability benefits and ORDERS the parties' counsel to instruct all
10 witnesses, in particular chiropractor Mr. Dawson, not to mention Mr. Santo's SSDI or other disability
11 claims or benefits.

**MR. SANTO'S MOTION IN LIMINE NO. 3 TO EXCLUDE**

**PERSONAL LIFE MATTERS UNRELATED TO HIS EMPLOYMENT**

14     Mr. Santo claims that EFCO's statements that it terminated Mr. Santo based on its investigation
15 that he engaged in sexual harassment is libel per se.  Mr. Santo anticipates that EFCO will seek to
16 introduce evidence concerning Mr. Santo's prior misconduct, including legal matters with family
17 members and former wives, number of marriages, and criminal complaints and arrests.  At the hearing,
18 Mr. Santo through his counsel agreed to seek only nominal and punitive damages on his defamation
19 claim and to forego actual damage claims and testimony of Mr. Santo's shame, embarrassment and
20 humiliation.

21     California Civil Code section 45 defines libel: "Libel is a false and unprivileged publication by
22 writing, printing . . . which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes
23 him to be shunned or avoided, or which has a tendency to injure him in his occupation." California Civil
24 Code section 45a addresses when special damages must be proven:

> A libel which is defamatory of the plaintiff without the necessity of explanatory matter, such as an inducement, innuendo or other extrinsic fact, is said to be a libel on its face.  Defamatory language not libelous on its face is not actionable unless the plaintiff alleges and proves that he has suffered special damages as a proximate result thereof.

A leading California treatise explains:

> A special meaning has been given to the term "libel per se" in California and some other states. Where the statement is defamatory *on its face*, it is said to be libelous per se, and actionable without proof of special damage.

5 Witkin, Summary of Cal. Law (10th ed. 2005) Torts, § 541, p. 794 (italics in original). Where "plaintiff pleaded general, not special, damages and where . . . the utterance is slanderous per se, damages are presumed and evidence tending to show lack of injury to the reputation is inadmissible." *Clay v. Lagiss*, 143 Cal.App.2d 441, 448, 299 P.2d 1025 (1956).

This Court concludes that a former employer's statement that it determined Mr. Santo committed sexual harassment would preclude him from a supervisory position similar to his position with EFCO. Since such a statement is libel on its face to injure Mr. Santo in his occupation, EFCO has failed to demonstrate admissibility of Mr. Santo's personal life matters unrelated to his employment given preclusion of actual damages and testimony regarding Mr. Santo's shame, embarrassment and humiliation. As such, this Court GRANTS Mr. Santo's motion in limine to exclude evidence of Mr. Santo's personal life matters unrelated to his employment. This ruling is without prejudice depending on admissible evidence presented at trial.

## EFCO'S MOTION IN LIMINE NO. 1 TO EXCLUDE
## MR. DAWSON'S EXPERT TESTIMONY

Mr. Santo listed his treating chiropractor Mr. Dawson as a witness but did not designate Mr. Dawson as an expert witness in his expert disclosure. EFCO seeks to limit Mr. Dawson to lay witness opinion testimony under F.R.Evid. 701. Mr. Santo filed no timely papers to oppose the motion in limine.

At the hearing, defense counsel noted that he listed consultative physician Ernest B. Miller, M.D. ("Dr. Miller"), as a witness but did not designate Dr. Miller as an expert witness in EFCO's expert disclosure.

A motion in limine is appropriate to preclude evidence barred by discovery rules, including unlisted expert witnesses. 1 Jones, Rosen, Wegner & Jones, *Federal Civil Trials and Evidence* (2005) Final and Pretrial Conference and Motions in Limine, para. 4:368, p. 4-56. F.R.Civ.P. 26(a)(2)(A) requires a party to disclose "the identity of any person who may be used at trial to present evidence"

under F.R.Evid. 702, which specifies expert testimony as that based on "scientific, technical, or other specialized knowledge [to] assist the trier of fact to understand the evidence or to determine a fact in issue."

F.R.Civ.P. 37(c)(1) addresses failure to disclose required information: "A party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial . . . any witness or information not so disclosed." "Rule 37(c)(1) gives teeth . . . by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir 2001).

If a party fails to adhere to F.R.Civ.P. 26(b) standards, a district court may exercise its discretion to bar the party from presenting an expert's testimony. *Patel v. Gayes*, 984 F.2d 214, 217 (7th Cir. 1993). The Ninth Circuit Court of Appeals gives "particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)." *Yeti*, 259 F.3d at 1106. F.R.Civ.P. 16(f) and 37(b)(2)(B) "authorize district courts to prohibit the admission of evidence proffered by the disobedient party." *Sylla-Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277, 284 (8th Cir.), *cert. denied*, 516 U.S. 822, 116 S.Ct. 84 (1995); *United States v. 68.94 Acres of Land*, 918 F.2d 389, 396 (3rd Cir. 1990); *Smith v. Rowe*, 761 F.2d 360, 366 (7th Cir. 1985). "The power of the trial court to exclude exhibits and witnesses not disclosed in compliance with discovery and pretrial orders is essential" to judicial management of the case. *Admiral Theatre Corp. v. Douglas Theatre Co.*, 585 F.2d 877, 897-898 (8th Cir. 1978); *Sylla-Sawdon*, 47 F.3d at 284. The Ninth Circuit has upheld a district court ruling to preclude an expert from testifying when the expert was not timely and properly disclosed. *Jenkins v. Whittaker Corp.*, 785 F.2d 720, 728 (9th Cir.), *cert. denied*, 479 U.S. 918, 107 S.Ct. 324 (1986).

"The sanction of exclusion is thus automatic and mandatory unless the party to be sanctioned can show that its violation of Rule 26(a) was either justified or harmless." *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996); *see Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 728 (7th Cir. 1999), *cert. denied*, 529 U.S. 1067, 120 S.Ct. 1673 (2000). "Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness." *Yeti*, 259 F.3d at 1107. In considering to impose a sanction to exclude an expert witness testimony, courts consider:

1.     Explanation, if any, for the party's failure to comply with disclosure requirements;

2.     Prejudice to the opposing party in allowing the witness to testify;

3.     Possibility of curing such prejudice by granting a continuance; and

4.     Importance of the witness' testimony.

*Barrett v. Atlantic Richfield, Co.*, 95 F.3d 375, 381 (5th Cir. 1996); *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 572 (5th Cir.), *cert. denied*, 519 U.S. 811, 117 S.Ct. 57 (1996).

    EFCO contends that the diagnosis and treatment of medical conditions requires specialized knowledge to which Mr. Dawson was not designated to offer expert testimony. As such, EFCO argues that Mr. Dawson's testimony should be limited to lay opinion under F.R.Evid. 701 and which is "rationally based" on Mr. Dawson's perception, is helpful to a clear understanding of his testimony or determination of a fact in issue, and is not based on scientific, technical or other specialized knowledge within F.R.Evid. 702's scope.

    Mr. Santo filed no papers to oppose EFCO's motion in limine, and his counsel cited impertinent authority at the hearing to argue incorrectly that since Mr. Dawson is a treating health care provider, Mr. Santo need not designate or disclose him as an expert witness. The overwhelming weight of authority directs exclusion of Mr. Dawson's expert testimony and a similar conclusion as to Dr. Miller since EFCO failed to designate him as an expert witness. As such, this Court EXCLUDES Mr. Dawson and Dr. Miller's expert testimony and LIMITS Mr. Dawson and Dr. Miller to F.R.Evid. 701 lay opinion.

**EFCO'S MOTION IN LIMINE NO. 2 TO EXCLUDE**

**MR. CASTILLO'S ALLEGED STATEMENTS TO REFUSE ACCOMMODATION**

    Mr. Santo points to Mr. Dawson's undated letter which EFCO received on January 31, 2002 and which states that Mr. Santo may return to full-time work on February 11, 2002 with limitations. With his letter, Mr. Dawson "recommended that [Mr. Santo] be provided with an appropriate ergonomic chair while at work that will support his spine." Mr. Santo claims that when he attempted to return to work on February 11, 2002, Euclides Castillo ("Mr. Castillo"), EFCO's Fresno plant manager and Mr. Santo's immediate supervisor, refused Mr. Santo a reasonable accommodation. According to Mr. Santo, Mr. Castillo advised him that Mr. Santo's duties had changed and that pursuant to corporate office instructions, Mr. Santo's restrictions would not be accommodated.

1  EFCO claims that in late November or early December 2001, its safety manager Matt Puffer ("Mr. Puffer") offered Mr. Santo an accommodation to sit in a Lay-Z-Boy chair and that Mr. Santo stated such accommodation was his only relief.

Mr. Castillo was terminated shortly before Mr. Santo's termination and returned to Venezuela with expiration of his work visa. EFCO notes that Mr. Castillo is unavailable for trial. EFCO anticipates Mr. Santo will attempt to introduce Mr. Castillo's alleged February 11, 2002 statement to refuse Mr. Santo an accommodation for the truth of the matter asserted, that is, EFCO refused Mr. Santo a reasonable accommodation.

EFCO contends that Mr. Castillo's alleged statement is hearsay not subject to an exception. F.R.Evid. 801(c) defines hearsay as "a statement, other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted." F.R.Evid. 802 generally excludes hearsay.

EFCO argues that Mr. Castillo's alleged statement is not admissible under F.R.Evid. 801(d)(1) (prior statement) in that Mr. Castillo is unavailable to testify at trial and thus cannot offer a statement to invoke application of the rule. EFCO further argues that Mr. Castillo is not a party to render admissible his alleged statement under F.R.Evid. 801(d)(2) as a party-opponent admission. According to EFCO, none of F.R.Evid. 803's hearsay exceptions apply. EFCO notes that Mr. Castillo's alleged statement was not under oath to invoke F.R.Evid. 804(b)(1)'s former testimony exception. Moreover, EFCO contends that Mr. Castillo's alleged statement does not harm his pecuniary or proprietary interests to invoke F.R.Evid. 804(b)(3)'s statement against interest hearsay exception.

Mr. Santo argues that Mr. Castillo's statements are admissible as party-opponent admissions under F.R.Evid. 801(d)(2). Under F.R.Evid. 801(d)(2)(C), party-opponent admissions are not hearsay, including "a statement by a person authorized by a party to make a statement concerning the subject." "Authority in the context of 801(d)(2)(C) means 'authority to speak' on a particular subject of someone else." *Precision Piping & Instruments, Inc. v. E.I. du Pont de Nemours & Co.*, 951 F.2d 613, 619 (4th Cir. 1991). The proponent of the evidence must offer enough evidence to support a finding of the requisite authority, that is, sufficient facts from which a jury could reasonably find that the declarant was authorized to speak on the party's behalf. 2 Jones, Rosen, Wegner & Jones, *Fed. Civil Trials and*

8

*Evidence* (2005) Evidence, para. 8:2105, p. 8G-43. The proponent must show the agent's authority by a preponderance of the evidence. 2 Jones, Rosen, Wegner & Jones, *Fed. Civil Trials and Evidence* (2005) Evidence, para. 8:2106, p. 8G-43.

Mr. Santo notes that Mr. Castillo, as plant manager, was responsible for its day-to-day operations and Mr. Santo's performance evaluations. Mr. Santo points to testimony of Curt Bennethum, EFCO's human resources director, that Mr. Castillo was authorized to address return to work issues. Mr. Santo fails to present a preponderance of evidence that Mr. Castillo had authority to communicate regarding granting or denial of accommodations. Mr. Santo merely provides evidence that Mr. Castillo was authorized to address return to work issues. In the absence of authority to speak on the accommodation issue, Mr. Castillo's alleged statements do not qualify as authorized admissions by a speaking agent under F.R.Evid. 801(d)(2)(C).

Mr. Santo contends that Mr. Castillo's statements are adoptive admissions under F.R.Evid. 801(d)(2)(B), which qualifies as nonhearsay "a statement of which the party has manifested an adoption or belief in its truth." Mr. Santo claims EFCO "at no time spoke out to clarify or correct the statements" attributed to Mr. Castillo. However, Mr. Santo offers nothing to suggest that EFCO manifested an adoption or belief in Mr. Castillo's alleged statements. EFCO's receipt of Mr. Dawson's letter to release Mr. Santo to work and alleged failure to challenge the letter does not give rise to an adoptive admission. "A man cannot make evidence for himself by writing a letter containing the statements he wishes to prove . . . [and] sending it to the party against whom he wishes to prove the facts." *A.B. Leach & Co. v. Pierson*, 275 U.S. 120, 128, 48 S.Ct. 57 (1927).

Lastly, Mr. Santo argues that Mr. Castillo's statements are vicarious admissions under F.R.Evid. 801(d)(2)(D) which qualifies as nonhearsay "a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship." Introduction of vicarious admissions requires: (1) existence of an agency relationship; (2) that the statement was made during the course of the relationship; and (3) that it relates to a matter within the scope of the agency. *Pappas v. Middle Earth Condominium Ass'n*, 963 F.2d 534, 537 (2nd Cir. 1992); *see, e.g., Northern Pacific Ry. v. Herman*, 478 F.2d 1167, 1171 (9th Cir. 1973). "The authority granted in the agency relationship need not include authority to make damaging statements, but simply the

1 authority to take action about which the statements relate." *Pappas*, 963 F.2d at 538. The agency
2 relationship may be established by circumstantial evidence. *Pappas*, 963 F.2d at 538.

3       With regard to a F.R.Evid. 801(d)(2)(D) vicarious admission, the proffering party must "lay a
4 foundation to show that an otherwise excludable statement relates to a matter within the scope of the
5 agent's employment." *United States v. Chang*, 207 F.3d 1169, 1176 (9th Cir.), *cert. denied*, 531 U.S.
6 860, 121 S.Ct. 148 (2000); *Breneman v. Kennecott Corp.*, 799 F.2d 470 (9th Cir. 1986). The proffering
7 party has "the burden to demonstrate this foundational requirement." *Chang*, 207 F.3d at 1176. "The
8 existence of an agency relationship is a question for the judge under [F.R.Evid.] 104(a) and must be
9 proved by substantial evidence but not by a preponderance of the evidence." *Hilao v. Estate of Marcos*,
10 103 F.3d 767, 775 (9th Cir. 1996); *see United States v. Flores*, 679 F.2d 173, 178 (9th Cir. 1982), *cert.*
11 *denied*, 459 U.S. 1148, 103 S.Ct. 791 (1983).

12       There is no dispute that Mr. Castillo was an EFCO agent at the time of his alleged statements.
13 Nonetheless, Mr. Santo presents no meaningful evidence that accommodations or communication of
14 accommodation issues fell within Mr. Castillo's scope of agency as plant manager. The relevant
15 testimony presented by the parties suggests otherwise. Mr. Santo offers nothing meaningful to
16 demonstrate Mr. Castillo's authority to take action about which his alleged statements relate. Without
17 more from Mr. Santo, Mr. Castillo's alleged statements do not appear as vicarious admissions subject
18 to admissibility.

19       As such, this Court GRANTS EFCO's motion in limine to exclude Mr. Castillo's alleged
20 statements to refuse Mr. Santo accommodation. This ruling is without prejudice depending on
21 admissible evidence presented at trial.

22       IT IS SO ORDERED.

23 **Dated:   September 21, 2005**            **/s/ Lawrence J. O'Neill**
66h44d                                                    UNITED STATES MAGISTRATE JUDGE