IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY M. SANTO,<br><br>             Plaintiff,<br><br>     vs.<br><br>EFCO CORP.,<br><br>             Defendant.<br>_____/ | CASE NO. CV F 04-6401 LJO<br><br>**ORDER ON DEFENDANT'S MOTIONS FOR PARTIAL NEW TRIAL OR JUDGMENT AS MATTER OF LAW**<br>(Docs. 63, 66, 69.) |

**INTRODUCTION**

In this employment discrimination and related action, defendant EFCO Corp. ("EFCO") seeks a partial new trial under F.R.Civ.P. 59(a) on plaintiff Larry M. Santo's ("Mr. Santo's") claim of breach of implied covenant of good faith and fair dealing. Alternatively, EFCO seeks F.R.Civ.P. 50(b) judgment in its favor on Mr. Santo's claim of breach of implied covenant of good faith and fair dealing. This Court considered EFCO's motion for partial new trial and alternative motion for judgment as a matter of law on the record and without a hearing or oral argument, pursuant to this Court's Local Rule 78-230(h). For the reasons discussed below, this Court DENIES EFCO's motion for partial new trial and alternative motion for judgment as a matter of law on Mr. Santo's breach of implied covenant of good faith and fair dealing claim.

## BACKGROUND

### EFCO's Failure To Submit Verdict Form

This Court's August 1, 2005 pretrial order required the parties to submit proposed verdict forms and provides in pertinent part:

> In jury trials, counsel shall serve on all parties their proposed . . .verdict forms no later than **September 7, 2005.** Counsel are ordered to conduct a conference to address their proposed . . . verdict forms. At the conference, counsel must attempt to reach agreement on . . . verdict forms for use at trial. Counsel shall submit to the courtroom deputy all agreed-upon . . . verdict forms no later than **September 14, 2005** and identify such as the agreed-upon . . . verdict forms.
>
> If the parties cannot agree upon certain specific . . . verdict forms, counsel shall serve and submit such proposed . . . verdict forms to the courtroom deputy no later than **September 14, 2005** and identify such as the disputed . . . verdict forms. (Bold in original.)

The pretrial order further instructed counsel on the format of verdict forms for the Court's use and admonished:

> Strict compliance with this order and its requirements is mandatory. Counsel and the parties are subject to sanctions for failure to fully comply with this order and its requirements.

Despite receiving two extensions, defense counsel failed to comply with the pretrial order regarding verdict forms and submitted only a CACI verdict form addressing Mr. Santo's defamation claim.

### Evidence At Trial

This Court conducted a September 27-29, 2005 trial. At trial, EFCO's August 26, 1999 employment offer letter was admitted into evidence. The letter advised Mr. Santo of EFCO's "formal offer of employment at EFCO as Supervisor" and briefly mentioned Mr. Santo's salary and benefits. EFCO's plant rules were admitted into evidence and noted that for "sexual harassment" a certified written warning is given for a first violation followed by discharge for a second violation. The plant rules further state: "The above discipline guidelines are listed as guidelines only. Individual situations may warrant variations from the established guidelines."

Mr. Santo and another former EFCO employee offered testimony to insinuate that EFCO engaged in progressive discipline for employee misconduct prior to discharge. Mr. Santo also offered evidence of his more than satisfactory work evaluations.

**The Jury's Special Verdict**

This Court provided the jury a special verdict form to address Mr. Santo's claims of breach of the implied covenant of good faith and fair dealing, disability discrimination and defamation. The special verdict form was adopted from verdict forms submitted by Mr. Santo's counsel in the absence of a verdict form proposed by defense counsel or the parties' counsel jointly. The questions regarding Mr. Santo's breach of implied covenant of good faith and fair dealing claim were adopted from CACI Verdict Form 2404 ("Employment – Breach of the Implied Covenant of Good Faith and Fair Dealing"). This Court entertained defense counsel's objections to the breach of implied covenant of good faith and fair dealing verdict questions and submitted the questions to the jury after argument from the parties.

On September 30, 2005, the jury returned their special verdict form to answer affirmatively that: (1) EFCO promised, by word or conduct, not to discharge Mr. Santo except for good cause; (2) EFCO failed to act fairly and in good faith before the decision to terminate Mr. Santo was made; and (3) Mr. Santo was harmed by EFCO's failure to act fairly and in good faith. The jury awarded Mr. Santo $3,200 for past economic loss or lost earnings and answered negatively questions on EFCO's liability for disability discrimination and defamation. An October 5, 2005 judgment was entered in accordance with the jury's special verdict.

**EFCO's Post-Trial Motions**

On October 5, 2005, EFCO filed its F.R.Civ.P. 50(b) renewed motion for judgment after trial as to Mr. Santo's breach of implied covenant of good faith and fair dealing claim on grounds "that such claim failed as a matter of law" and "that no express contract existed to support the claim that there was a promise not to discharge LARRY M. SANTO except for good cause." This Court issued its October 13, 2005 order to note the absence of a prerequisite F.R.Civ.P. 50(a) pre-verdict motion to entitle EFCO to seek a F.R.Civ.P. 50(b) judgment as a matter of law. This Court ordered EFCO, no later than October 24, 2005, to file further papers to provide factual and legal support that it may proceed with a F.R.Civ.P. 50(b) motion in the absence of a prerequisite F.R.Civ.P. 50(a) pre-verdict motion.

On October 14, 2005, EFCO filed its F.R.Civ.P. 59(a) motion for partial new trial on Mr. Santo's breach of implied covenant of good faith and fair dealing claim. In its papers, EFCO alludes to the October 13, 2005 order and notes that it "now brings this Motion for Partial New Trial on the Plaintiff's

1  claim of Breach of the Covenant of Good Faith and Fair Dealing." Alternatively, EFCO's papers seek
2  a F.R.Civ.P. 50(b) judgment in its favor on Mr. Santo's claim of breach of implied covenant of good
3  faith and fair dealing.
4       This Court construes EFCO's partial new trial motion to supplant its F.R.Civ.P. 50(b) motion
5  as its primary basis for post-trial relief. Mr. Santo filed November 1, 2005 papers to respond to EFCO's
6  partial new trial motion. This Court's October 17, 2005 order provided that the Court "will rule on
7  EFCO's partial new trial motion on the record and without oral argument or further papers from EFCO,
8  unless this Court orders otherwise."

## DISCUSSION

10  EFCO contends the special verdict form erroneously permitted the jury to address Mr. Santo's
11  breach of implied covenant of good faith and fair dealing claim. EFCO argues that "no express contract
12  existed to support the claim that there was a promise not to discharge plaintiff LARRY M. SANTO
13  except for good cause" and "there was no evidence that SANTO was anything other an at-will
14  employee." EFCO pursues its partial new trial motion "so that the Court may re-examine this issue."
15  Mr. Santo responds that there was "sufficient evidence for a reasonable jury" to find in Mr.
16  Santo's favor on his breach of implied covenant of good faith and fair dealing claim. Mr. Santo argues
17  that the jury was presented documentation and testimony on EFCO's polices and/or practices on
18  employee discipline and discharge and "which created an implied contract term to discharge only for
19  cause."

### New Trial Standards

21  F.R.Civ.P. 59(a) authorizes granting a new trial and provides in pertinent part:

> A new trial may be granted . . . on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States . . .

24  The Ninth Circuit Court of Appeals has commented: "[W]hen an appellate court ponders the
25  probable effect of an error on a civil trial, it need only find that the jury's verdict is more probably than
26  not untainted by the error." *Abromson v. American Pacific Corp.*, 114 F.3d 898, 903 (9th Cir. 1997),
27  *cert. denied*, 522 U.S. 1110, 118 S.Ct. 1040 (1998) (quoting *Haddad v. Lockheed Calif. Corp.*, 720 F.2d
28  1454, 1459 (9th Cir. 1983)).

The grant of a new trial is "confided almost entirely to the exercise of discretion on the part of the trial court." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36, 101 S.Ct. 188, 191, 66 L.Ed.2d 193 (1980). "The trial court's decision, therefore, will not be reversed absent a showing of abuse of discretion." *Murphy v. City of Long Beach*, 914 F.2d 183, 186 (9th Cir. 1990); *see Hard v. Burlington N.R.R.*, 812 F.2d 482, 483 (9th Cir. 1987).

A trial court has the right and duty "to weigh the evidence as he saw it, and to set aside the verdict of the jury, even though supported by substantial evidence, where, in his conscientious opinion, the verdict is contrary to the clear weight of the evidence, or . . . to prevent, in the sound discretion of the trial judge, a miscarriage of justice." *Murphy*, 914 F.2d at 187 (quoting *Moist Cold Refrigerator Co. v. Lou Johnson Co.*, 249 F.2d 246, 256 (9th Cir. 1957), *cert. denied*, 356 U.S. 968, 78 S.Ct. 1008 (1958)).

EFCO claims that "submittal to the jury of a claim for Breach of the Implied Covenant of Good Faith and Fair Dealing was contrary to law and the evidence" in that the "evidence shows no promise to discharge except for good cause." EFCO points out that its August 26, 1999 employment offer letter "is utterly and completely silent on any length of employment" and offered nothing more than "at-will employment." EFCO argues that its plant rules are guidelines only to provide neither expectation nor promise "that there will always be a written warning before being terminated for sexual harassment." According to EFCO, the plant rules "do not expressly or impliedly create any promise of termination only upon good cause."

Mr. Santo responds that the August 26, 1999 employment offer, prepared by EFCO, was skeletal, identified other terms to be agreed upon as necessary, and lacked an express at-will employment provision or an integration clause. Mr. Santo contends that "the parties, by their conduct, created implied-in-fact terms not set forth in the original offer of employment, including an agreement not to terminate without good cause."

**Implied-In-Fact Promise**

Under California law, an employee's term of employment, when not specified in an employment contract or other document or oral agreement, is considered a term that may be terminated "at will" by either party. Cal. Labor Code, § 2922. This statute creates a presumption that employment is terminable "at will." *Hoy v. Sears, Roebuck & Company*, 861 F.Supp. 881, 884 (N.D. Cal. 1994); *Hillsman v.*

5

1  *Sutter Community Hospitals*, 153 Cal.App.3d 743, 749, 200 Cal.Rptr. 605 (1984).

2  The at-will presumption may be rebutted only by evidence of an express or implied agreement that the employment will terminate only "for cause." *Hoy*, 861 F.Supp. at 885; *Foley v. Interactive Data Corp.*, 47 Cal.3d 654, 668, 254 Cal.Rptr. 211 (1988); *Pugh v. See's Candies, Inc.*, 116 Cal.App.3d 311, 324-325, 171 Cal.Rptr. 917 (1981).

The existence of implied promises to discharge an employee only for cause is generally a question of fact. *Hoy*, 861 F.Supp. at 885; *Foley*, 47 Cal.3d at 668, 254 Cal.Rptr. 211. However, the existence of an implied-in-fact contract is always a question of fact. The issue may be appropriately resolved as a matter of law given the facts of a particular case. *Hoy*, 861 F.Supp. at 885; *Miller v. Pepsi-Cola Bottling Co.*, 210 Cal.App.3d 1554, 1558, 259 Cal.Rptr. 56 (1989).

To determine whether such promises exist, the entire relationship of the parties is considered. *Hoy*, 861 F.Supp. at 885; *Miller*, 210 Cal.App.3d at 1558, 259 Cal.Rptr. 56. Factors to consider to examine the parties' relationship include: (1) the terms of the employment manual; (2) the employer's personnel policies and practices; (3) the employee's longevity of service; (4) the employer's actions or communications constituting assurances of continued employment; and (5) the practices of the industry in which the employee is engaged. *Hoy*, 861 F.Supp. at 885; *Miller*, 210 Cal.App.3d at 1557-1558, 259 Cal.Rptr. 56.

A contract requiring termination only "for cause" will not be implied if there is an express writing to the contrary. *Hoy*, 861 F.Supp. at 885. Under California law, an executed employment application purporting to be the final agreement of the parties as to an employee's at-will status is a contract itself or becomes integrated into any contract that is eventually executed between the parties. *Hoy*, 861 F.Supp. at 885; *Comeaux v. Brown and Williamson Tobacco Co.*, 915 F.2d 1264, 1269-72 (9th Cir. 1990).

Proof of an implied-in-fact promise of good cause status arising from an employee handbook is precluded by the express, written provision in the plaintiff's application stating that employment is at will. *Hoy*, 861 F.Supp. at 885; *Gianaculas v. Trans World Airlines, Inc.*, 761 F.2d 1391, 1394 (9th Cir. 1985).

Here, the jury found EFCO promised, by word or conduct, to discharge Mr. Santo only for good

6

1  cause and failed to act fairly and in good faith before deciding to terminate him. EFCO isolates two
2  pieces of evidence to claim it make no promise to discharge Mr. Santo only for good cause. Hearing all
3  of the evidence, the jury specifically found EFCO promised to discharge Mr. Santo only for good cause.
4  The existence of an implied promise to discharge Mr. Santo only for cause was a factual question for
5  the jury. EFCO's reliance on two documents does not unravel the jury's finding, especially given the
6  other evidence subject to the jury's consideration.

7  EFCO ignores that Jury Instruction No. 39 addressed implied-in-fact promises to discharge only
8  for good cause and permitted the jury to consider EFCO's personnel policies and/or practices, Mr.
9  Santo's length of service, raises, commendations, positive evaluations and promotions, and whether
10 EFCO said or did anything to assure Mr. Santo of continued employment. EFCO jointly proposed Jury
11 Instruction No. 39 with Mr. Santo. EFCO points to no writing or other evidence which expressly states
12 that Mr. Santo's employment was at will. EFCO's August 26, 1999 employment offer letter and plant
13 rules did not state that Mr. Santo's employment was at will to foreclose an implied-in-fact promise of
14 discharge only for good cause.

15 EFCO quotes at length from *Guz v. Bechtel National, Inc.*, 24 Cal.4th 317, 100 Cal.Rptr. 2d 352
16 (2000), and passages from a California employment litigation treatise. Of particular import is the
17 following from *Guz*, 24 Cal.4th at 352, 100 Cal.Rptr.2d at 377:

> Of course, as we have indicated above, the employer's personnel policies and practices may become *implied-in-fact terms* of the contract between employer and employee. If that has occurred, the employer's failure to follow such policies when terminating an employee is a breach of the contract itself.
>
> A breach of the contract may also constitute a breach of the implied covenant of good faith and fair dealing. But insofar as the employer's acts are directly actionable as a breach of an implied-in-fact contract term, a claim that merely realleges that breach as a violation of the covenant is superfluous. This is because, as we explained at length in *Foley*, the remedy for breach of an employment agreement, including the covenant of good faith and fair dealing implied by law therein, is *solely contractual*. In the employment context, an implied covenant theory affords no separate *measure of recovery*, such as tort damages. (*Foley, supra*, 47 Cal.3d 654, 683-7000, 254 Cal.Rptr. 211, 765 P.2d 373.) Allegations that the breach was wrongful, in bad faith, arbitrary, and unfair are unavailing; there is no tort of "bad faith breach" of an employment contract. (Italics in original.)

27 EFCO attempts to create a distinction where none exits. It bears repeating that the jury expressly
28 found that EFCO promised to terminate Mr. Santo for cause only and failed to act fairly and in good

7

faith to harm Mr. Santo to the tune of $3,200 in economic damages. "Recognizing that a jury is likely to prefer a better supported theory to one less supported, we have generously applied the harmless error concept to rescue verdicts where we could be *reasonably sure* that the jury in fact relied upon a theory with adequate evidentiary support." *Gillispie v. Sears, Roebuck & Co.*, 386 F.3d 21, 30 (1st Cir. 2004) (italics in original). As discussed in detail below, this Court instructed the jury on elements of breach of an employment contract – unspecified term, as well as elements of breach of the implied covenant of good faith and fair dealing. The jury found that EFCO breached an implied-in-fact promise. EFCO fails to demonstrate an absence of evidentiary support for the jury's findings which it dislikes. EFCO failed to comply with the pretrial order to submit a verdict form on Mr. Santo's employment contract claim and in turn on the matter to which is now objects.

### F.R.Civ.P. 50(a) Pre-Verdict Motion Requirement

EFCO also pursues an alternative motion pursuant to F.R.Civ.P. 50(b), which authorizes a motion to renew consideration of issues raised in a pre-verdict motion for judgment as a matter of law. After the opposing party has been fully heard and prior to submission of a case to the jury, a party may move for judgment as a matter of law on grounds there is "no legally sufficient evidentiary basis" to support the opposing party's claim or defense. F.R.Civ.P. 50(a). If such a motion made at the close of all the evidence is denied, F.R.Civ.P. 50(b) allows the moving party to "renew" its motion within 10 days after entry of judgment. F.R.Civ.P. 50(b) provides in pertinent part:

> If, for any reason, the court does not grant a motion for judgment as a matter of law made at the close of all the evidence, the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. The movant may renew its request for judgment as a matter of law by filing a motion . . . In ruling on a renewed motion, the court may:
>
> (1) if a verdict was returned:
>
>  (A) allow the judgment to stand,
>
>  (B) order a new trial, or
>
>  (C) direct entry of judgment as a matter of law . . .

A F.R.Civ.P. 50(a) pre-verdict motion is a "procedural prerequisite" for a F.R.Civ.P. 50(b) motion. *Janes v. Wal-Mart Stores Inc.*, 279 F.3d 883, 887 (9th Cir. 2002). "A party cannot raise arguments in its post-trial motion for judgment as a matter of law under Rule 50(b) that it did not raise

in its pre-verdict Rule 50(a) motion." *Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003). Contrary to EFCO's insinuation, the Ninth Circuit strictly construes the F.R.Civ.P. 50(a) pre-verdict motion as a procedural requirement. *Janes*, 279 F.3d at 883; *Farley Transp. Co. v. Sante Fe Trail Transp. Co.*, 786 F.2d 1342, 1346 (9th Cir. 1986 ) ("the requirement that [a F.R.Civ.P. 50(a)] motion be made at the close of all the evidence is to be strictly observed"). "[S]ubstantial compliance is not enough." *Janes*, 279 F.3d at 887.

The Ninth Circuit has explained the purpose for a prerequisite F.R.Civ.P. 50(a) motion at the close of all the evidence:

> . . . it serves the important purpose of alerting the opposing party to the alleged insufficiency of the evidence at a point in the trial where that party may still cure the defect by presenting further evidence.
>
> Failure to renew an earlier motion for a directed verdict may lull the opposing party into believing that the moving party has abandoned any challenge to the sufficiency of the evidence once all of the evidence had been presented. If the moving party is then permitted to make a later attack on the evidence through a motion for judgment notwithstanding the verdict or on appeal, the opposing party may be prejudiced by having lost the opportunity to present additional evidence before the case was submitted to the jury. A strict application of Rule 50(b) obviates the necessity for a court to engage in a difficult and subjective case-by-case determination of whether a failure to renew a motion for directed verdict at the close of all the evidence has resulted in such prejudice to the opposing party under the particular circumstances of that case.

*Farley Transportation*, 786 F.2d at 1346.

Furthermore, the prerequisite F.R.Civ.P. 50(a) pre-verdict motion "preserves the sufficiency of the evidence as a question of law, allowing the district court to review its initial denial of judgment as a matter of law instead of forcing it to 'engage in an impermissible reexamination of facts found by the jury.'" *Freund*, 347 F.3d at 761 (quoting *Lifshitz v. Walter Drake & Sons*, 806 F.2d 1426, 1428-1429 (9th Cir. 1986)).

EFCO points to no F.R.Civ.P. 50(a) pre-verdict motion which it made. EFCO claims it objected to the special verdict form and "sought dismissal on the ground that no express contract existed to support the claim that there was a promise not to discharge plaintiff LARRY M. SANTO except for good cause." However, EFCO actions are contrary to its claim.

EFCO jointly submitted with Mr. Santo jury instructions addressing breach of employment contract and the implied covenant of good faith a fair dealing, and this Court gave those instructions to

the jury as Instruction Nos. 37-44. Instruction No. 37 addressed the "at will" presumption and explained the good cause exception to at-will employment. Jury Instruction No. 38 outlined the elements for breach of an employment contract – unspecified term. Jury Instruction No. 39 addressed an implied-in-fact promise not to discharge without good cause and pointed the jury to consider EFCO's personnel policies and/or practices. Jury Instruction Nos. 40 and 41 defined good cause. Jury Instruction No. 43 outlined the elements for breach of the implied covenant of good faith and fair dealing, including "defendant's conduct was a failure to act fairly and in good faith." EFCO did not object to these instructions, in particular Instruction No. 43, and **jointly submitted them**. At best for EFCO, it gave mixed messages as to Mr. Santo's breach of implied covenant of good faith and fair dealing claim and certainly less than substantial compliance with a F.R.Civ.P. 50(a) pre-verdict motion.

### F.R.Civ.P. 50(b) Standards

Denial of a F.R.Civ.P. 50(b) motion is proper "unless the evidence, together will all reasonable inferences in favor of the verdict, could lead a reasonable person to only one conclusion, namely, that the moving party was entitled to judgment." *PH Group Ltd. v. Birch*, 985 F.2d 649, 653 (1st Cir. 1993); *Down East Energy Corp. v. Niagara Fire Ins. Co.*, 176 F.3d 7, 15 (1st Cir. 1999). The Ninth Circuit Court of Appeals has commented: "Judgment as a matter of law is appropriate when the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, which is contrary to the jury's verdict." *Omega Evntl., Inc. v. Gilbarco, Inc.*, 127 F.3d 1157, 1161 (9th Cir. 1997), *cert. denied*, 525 U.S. 812, 119 S.Ct. 46 (1998); *Gilbrook v. City of Westminister*, 177 F.3d 839, 864 (9th Cir.), *cert. denied*, 528 U.S. 1061, 120 S.Ct. 614 (1999).

A F.R.Civ.P. 50(b) motion should not be granted unless there is "either an utter lack of evidence supporting the verdict, so that the jury's findings could only have resulted from pure guess-work, or the evidence must be 'so overwhelming that reasonable and fair-minded persons could only have reached the opposite result.'" *Doctor's Associates, Inc. v. Weible*, 92 F.3d 108, 112 (2nd Cir. 1996), *cert. denied*, 519 U.S. 1091, 117 S.Ct. 767 (1997) (quoting *Baskin v. Hawley*, 807 F.2d 1120, 1129 (2nd Cir. 1986)). "A party can obtain judgment as a matter of law in its favor 'only if the proof is all one way or so overwhelmingly preponderant in favor of the movant as to permit no other rational conclusion.'" *Strickland Tower Maintenance v. AT&T Communications, Inc.*, 128 F.3d 1422, 1426 (10th Cir. 1997)

(quoting *Conoco Inc. v. ONEOK, Inc.*, 91 F.3d 1405, 1407 (10th Cir. 1996)).

The summary judgment standard "mirrors" the standard for F.R.Civ.P. 50(a) and (b) motions. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-251, 106 S.Ct. 2505, 2511 (1986); *Piesco v. Koch*, 12 F.3d 332, 341 (2nd Cir. 1993); F.R.Civ.P. 50 Adv. Comm. Notes (1991 Amend.).

Just as EFCO fails to demonstrate it is entitled to a partial new trial, it fails to demonstrate it is entitled to judgment as a matter of law on Mr. Santo's breach of implied covenant of good faith and faith dealing claim, especially given the absence of a prerequisite F.R.Civ.P. 50(a) pre-verdict motion. EFCO fails to demonstrate an utter lack of evidence to support the jury's verdict or a conclusion contrary to the jury's verdict.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court DENIES EFCO's F.R.Civ.P. 59(a) motion for partial new trial and alternative F.R.Civ.P. 50(b) renewed motion for judgment as a matter of law on Mr. Santo's breach of implied covenant of good faith and fair dealing claim.

IT IS SO ORDERED.

**Dated:    November 2, 2005**              **/s/ Lawrence J. O'Neill**
66h44d                                                                  UNITED STATES MAGISTRATE JUDGE